# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**WILLIAM CHAPMAN,**
      **Plaintiff,**

     v.                                                    Case No. 05-C-1254

**MATTHEW FRANK,**
      **Defendant.**

---

## DECISION AND ORDER

Plaintiff William Chapman, a state prisoner, filed this pro se civil rights complaint pursuant to 42 U.S.C. § 1983. Currently pending is plaintiff's petition to proceed in forma pauperis.

Pursuant to 28 U.S.C. § 1915(b)(1), plaintiff is required to pay the statutory filing fee of $250.00 for this action.[1] If a prisoner does not have the money to pay the filing fee, he or she can request leave to proceed in forma pauperis. To proceed with an action in forma pauperis, the prisoner must complete a petition and affidavit to proceed in forma pauperis and return it to the court with a certified copy of the prisoner's trust account statement showing transactions for the prior six months. The court then assesses and, when funds exist, collects from the plaintiff at the time the action is filed an initial partial filing fee of 20% of the average monthly deposits to or the average monthly balance in the prisoner's trust account for the six-month period immediately preceding the filing of the complaint.[2]

---

[1] Plaintiff filed this action prior to April 9, 2006, when the filing fee for civil actions in the Eastern District of Wisconsin increased to $350.00.

[2] In no event will a prisoner be prohibited from bringing a civil action because he or she has no assets and no means by which to pay the initial partial filing fee. 28 U.S.C. § 1915(b)(4).

In this case, plaintiff has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint. He has been assessed and paid an initial partial filing fee of $150.00.[3] Thus, plaintiff shall be permitted to proceed in forma pauperis.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992); Neitzke v. Williams, 490 U.S. 319, 325 (1989); Hutchinson ex rel. Baker v. Spink, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." Lindell v. McCallum, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. See Hishon v. King &

---

[3]Plaintiff has since paid the entire $250.00 filing fee.

2

Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 [1957]). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Trs. of Rex Hosp., 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

To state a claim for relief under 42 U.S.C. § 1983, plaintiffs must allege: 1) that they were deprived of a right secured by the Constitution or laws of the United States, and 2) that the deprivation was visited upon them by a person acting under color of state law. Gomez v. Toledo, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's pro se allegations, however inartfully pleaded, a liberal construction. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

Federal Rule of Civil Procedure 8(a)(2) provides that a complaint must include only "a short and plain statement of the claim showing that the pleader is entitled to relief." This statement must simply "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002) (quoting Conley, 355 U.S. at 47); see also Thomson v. Washington, 362 F.3d 969, 970-71 (7th Cir. 2004) (no heightened pleading requirement for pro se prisoner civil rights complaint). Of course, if a complaint pleads facts that show that a plaintiff does not have a claim, the complaint should be dismissed "without further ado." Thomson, 362 F.3d at 970.

Plaintiff is currently incarcerated at Redgranite Correctional Institution (RGCI) in

3

Redgranite, Wisconsin. (Complaint at 4).[4] Defendant Matthew Frank is the Secretary of the Wisconsin Department of Corrections (DOC). Id.

On February 9, 2005, an RGCI staff clinician diagnosed plaintiff as having paruresis, a medical condition that "makes it extremely difficult for [plaintiff] to provide a urine sample in the 2 hour limit" required by the RGCI urinalysis testing policy. Id. at 6.[5] Plaintiff's medical condition causes him "physical and mental pain during these urinalysis tests." Id. When plaintiff is unable to successfully complete a urinalysis test, defendant threatens plaintiff with prison discipline. Id.[6]

Plaintiff concedes that defendant has responded to his concerns by implementing a modified urinalysis testing procedure. (Plaintiff's Exhibits at 27). However, he asserts that the modified test "is STILL a urinalysis testing procedure." Id. Plaintiff contends that there are alternate forms of drug testing available, including tests of the blood, hair, sweat and saliva. (Complaint at 6). Plaintiff is not challenging the DOC's "right to drug test him," nor is he refusing to be drug tested. Id. Rather, plaintiff is "simply requesting an alternate form of drug test due to his medical condition." Id.

Plaintiff submits that his Eighth Amendment rights have been violated. Id. For relief, he requests that the DOC "cease all future urinalysis tests" against him, and offer him an

---

[4]The complaint has been verified pursuant to 28 U.S.C. § 1746. The facts in this section are taken from the complaint and attached exhibits.

[5]Paruresis is defined as "inhibited urination, especially in the presence of others." Stedman's Medical Dictionary 1329 (27th ed. 2000).

[6]In fact, plaintiff has been issued a Conduct Report and sentenced to Disciplinary Separation as a result of his inability to timely provide a urinalysis sample. (See Plaintiff's Exhibits at 23).

4

alternate form of drug testing. Id. at 7.

To establish liability under the Eighth Amendment, a prisoner must show: (1) that his medical need was objectively serious; and (2) that the official acted with deliberate indifference to the prisoner's health or safety. Farmer v. Brennan, 511 U.S. 825, 834 (1994); Chapman v. Keltner, 241 F.3d 842, 845 (7th Cir. 2001); see also Estelle v. Gamble, 429 U.S. 97, 104-05 (1976); Zentmyer v. Kendall County, Illinois, 220 F.3d 805, 810 (7th Cir. 2000). A serious medical need is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Wynn v. Southward, 251 F.3d 588, 593 (7th Cir. 2001) (quoting Gutierrez v. Peters, 111 F.3d 1364, 1373 (7th Cir. 1997)). Factors that indicate a serious medical need include "the existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain." Gutierrez, 111 F.3d at 1373 (citations omitted).

A prison official acts with deliberate indifference when "the official knows of and disregards an excessive risk to inmate health or safety." Farmer, 511 U.S. at 837. Prison officials act with deliberate indifference when they act "intentionally or in a criminally reckless manner." Tesch v. County of Green Lake, 157 F.3d 465, 474 (7th Cir. 1998). Neither negligence nor even gross negligence is a sufficient basis for liability. See Salazar v. City of Chicago, 940 F.2d 233, 238 (7th Cir. 1991).

Accepting as true plaintiff's allegations that he suffers from parureris, he has established a serious medical need. See Wynn, 251 F.3d at 593 (citing Zentmyer, 220 F.3d at 810)(a serious medical need is "one that has been diagnosed by a physician as

5

mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.")). It is unclear whether plaintiff's medical condition affects his physical or mental health, or both. Regardless, it is well settled that the Eighth Amendment protects the mental health of prisoners no less than their physical health. See Meriwether v. Faulkner, 821 F.2d 408, 413 (7th Cir. 1987); Wellman v. Faulkner, 715 F.2d 269, 272 (7th Cir. 1983). Thus, plaintiff may proceed on his Eighth Amendment claim.

I note that the complaint fails to state facts indicating defendant Frank's direct, personal involvement as required by Gentry v. Duckworth, 65 F.3d 555, 561 (7th Cir. 1995). However, plaintiff has not indicated whether he is suing defendant Frank in his individual or official capacity. In regard to official capacity claims, a suit against a state official in his or her official capacity is a suit against the official's office, and it is not different than a suit against the state itself. Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989). The Eleventh Amendment bars suits for damages in federal court against unconsenting states unless Congress has exercised its power to override the immunity. Id. at 66. However, official capacity claims seeking injunctive relief are permissible under § 1983. Id. at 71 n.10. Such claims require that the entity's policy or custom have played a part in the constitutional violation. Hafer v. Melo, 502 U.S. 21, 25 (1991). In this case, plaintiff challenges the constitutionality of RGCI's urinalysis drug testing policy. Moreover, he has requested injunctive relief. Thus, plaintiff has alleged facts sufficient to proceed on an official capacity claim against defendant Frank.

## CONCLUSION

**For the foregoing reasons,**

6

Case 2:05-cv-01254-LA   Filed 07/21/06   Page 6 of 8   Document 6

**IT IS THEREFORE ORDERED** that plaintiff's petition to proceed in forma pauperis (Docket #2) is **GRANTED.**

**IT IS FURTHER ORDERED** that the United States Marshal shall serve a copy of the complaint, the summons, and this order upon the defendant pursuant to Federal Rule of Civil Procedure 4.

**IT IS ALSO ORDERED** that defendants shall file a responsive pleading to the complaint.

**IT IS ORDERED** that copies of this order be sent to the warden of the institution where the inmate is confined and to Corey F. Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

Plaintiff is hereby notified that he is required to send a copy of every paper or document filed with the court to the opposing parties or their attorney(s). Fed. R. Civ. P. 5(a). Plaintiff should also retain a personal copy of each document. If plaintiff does not have access to a photocopy machine, plaintiff may send out identical handwritten or typed copies of any documents. The court may disregard any papers or documents which do not indicate that a copy has been sent to each defendant or to their attorney(s).

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the Clerk's Office of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 21 day of July, 2006.

/s_____
LYNN ADELMAN
District Judge