# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

WILLIAM CHAPMAN,
      Plaintiff,

v.                     Case No. 05-C-1254

MATTHEW J. FRANK,
      Defendant.

## DECISION AND ORDER

Plaintiff, William Chapman, filed this pro se civil rights complaint under 42 U.S.C. § 1983 and is proceeding in forma pauperis on an Eighth Amendment claim. By order dated August 1, 2007, defendants' motion for summary judgment was granted in part and denied in part and plaintiff was advised that, if he wished to use information from his medical records at trial or summary judgment, he should authorize the release of his medical records to defendants. This matter comes before me on plaintiff's motion to clarify, plaintiff's motion for a final decision and defendants' motion for a scheduling order.

### I. PLAINTIFF'S MOTION TO CLARIFY

On August 14, 2007, plaintiff filed a motion to clarify that he is seeking relief from the Wisconsin Department of Corrections (DOC), not simply Redgranite Correctional Institution (RCI). Plaintiff specifically notes that his complaint requests an order prohibiting the DOC from subjecting plaintiff to urinalysis drug testing at any Wisconsin correctional institution, not just RCI.

The Federal Rules do not provide for a motion to clarify and it is unclear what plaintiff is seeking. To the extent plaintiff wishes to point out an error by the court, review of the

complaint reveals that only Matthew Frank is named as a defendant in this action. (See Compl. at 4.) In the event that plaintiff seeks to amend the complaint to include the DOC, RCI, or any other entity or individual as a defendant, he has not filed a proposed amended complaint as required under Civil Local Rule 15.1 (E.D. Wis.) ("Any party submitting a motion to amend must attach to the motion the original of the proposed amended pleading."). For these reasons, plaintiff's motion to clarify will be denied.

## II. PLAINTIFF'S MOTION FOR A FINAL DECISION

On August 13, 2007, plaintiff filed a letter indicating that he executed a release of his medical records on August 10, 2007. Thereafter, on September 20, 2007, he filed a motion requesting a final decision in his favor. As grounds for his request, plaintiff states that: (1) this action has been pending for more than 21 months, and (2) defendants have delayed the litigation.

By his own admission, plaintiff did not authorize the complete release of his medical records until August 10, 2007. Thus, I am not persuaded that defendants are at fault for any perceived delay in the proceedings. Moreover, at this stage of the case, the evidence before me does not demonstrate that plaintiff is entitled to judgment in his favor. For these reasons, plaintiff's motion for a final decision will be denied. Plaintiff is advised that, after discovery has been completed and the parties have had the opportunity to collect evidence relevant to the claim at issue, he may re-file his dispositive motion.

## III. DEFENDANTS' MOTION FOR A SCHEDULING ORDER

Defendants filed a motion for a scheduling order on September 28, 2007. Plaintiff does not oppose defendants' request. Moreover, because plaintiff recently authorized the

2

Case 2:05-cv-01254-LA   Filed 10/23/07   Page 2 of 3   Document 58

release of his medical records, the parties should be given additional time in which to conduct discovery and file dispositive motions. Therefore, defendants' motion for a scheduling order will be granted. The parties are advised that a scheduling order is forthcoming.

## IV. CONCLUSION

For the foregoing reasons,

**IT IS THEREFORE ORDERED** that plaintiff's motion to clarify (Docket # 50) is **DENIED.**

**IT IS FURTHER ORDERED** that plaintiff's motion for a final decision (Docket # 54) is **DENIED.**

**IT IS FURTHER ORDERED** that defendants' motion for a scheduling order (Docket # 56) is **GRANTED.**

Dated at Milwaukee, Wisconsin, this 23 day of October, 2007.

/s_____
LYNN ADELMAN
District Judge