# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**WILLIAM B. CHAPMAN,**
    **Plaintiff,**

       v.                               Case No. 05-C-1254

**MATTHEW J. FRANK,**
    **Defendant.**

## DECISION AND ORDER

Plaintiff, William B. Chapman, filed this pro se civil rights action under 42 U.S.C. § 1983. This matter comes before me on plaintiff's motion to amend the complaint, plaintiff's motion for a jury trial, plaintiff's motion for disclosure of medical records and defendant's motion for extension of time. All applications will be addressed herein.

### I. PLAINTIFF'S MOTION TO AMEND THE COMPLAINT

Plaintiff seeks to amend his complaint to: (1) substitute Rick Raemisch for defendant Matthew J. Frank, who is no longer the Secretary of the Wisconsin Department of Corrections; (2) add the Wisconsin Department of Corrections (DOC) as a defendant; and (3) amend his claim for relief to request monetary damages. Rule 15(a) of the Federal Rules of Civil Procedure states that leave to file an amended complaint "shall be freely given when justice so requires." The Supreme Court has explained the meaning of "freely given" as used in Rule 15(a) by stating:

> In the absence of any apparent or declared reason - such as undue delay, bad faith or dilatory motive on the part of a movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc. - the leave sought should, as the rules require be freely given.

Foman v. Davis, 371 U.S. 178, 182 (1962).

On the other hand, a plaintiff will not be allowed to amend his complaint if such amendments would be futile. Moore v. Indiana, 999 F.2d 1125, 1128 (7th Cir. 1993). For example, if the claims in the amended complaint could not withstand a motion to dismiss for failure to state a claim upon which relief can be granted, the court will not grant leave to file the amended complaint. Id.

As a preliminary matter, plaintiff has not filed a proposed amended complaint as required under Civil L.R. 15.1 (E.D. Wis.). However, due to the minor nature of the proposed changes, I will make a rare exception and consider plaintiff's motion to amend without the benefit of a proposed amended complaint.

Plaintiff first asks to substitute Rick Raemisch for defendant Matthew J. Frank. Fed. R. Civ. P. 25(d) provides that when an official sued in his official capacity (such as defendant Frank) separates from office, his successor is automatically substituted as a party. Thus, it is unnecessary to amend the complaint to implement this proposed change.

Next, plaintiff wishes to add the DOC as a defendant. The DOC is not a proper defendant because it is not a "person" for purposes of § 1983. See Lapides v. University of Georgia, 535 U.S. 613, 617-18 (2002); Will v. Michigan Dep't of State Police, 491 U.S. 58 (1989). Accordingly, plaintiff may not add the DOC as a defendant in this case.

Finally, plaintiff wishes to amend the relief requested to include a demand for monetary damages. Under the Eleventh Amendment to the United States Constitution, that "an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another state." Pennhurst State School & Hosp. v. Halderman, 465

U.S. 89, 100 (1984) (quoting Employees v. Missouri Public Health & Welfare Dept., 411 U.S. 279, 294 [1973]).  Thus, the Eleventh Amendment precludes damage suits against states, state agencies, or state employees acting in their official capacities.  See Will v. Michigan Dep't of State Police, 491 U.S. 58 (1989); Brokaw v. Mercer County, 235 F.3d 1000, 1009 (7th Cir. 2000); Higgins v. Mississippi, 217 F.3d 951, 953 (7th Cir. 2000); Gossmeyer v. McDonald, 128 F.3d 481, 487 (7th Cir. 1997).

Plaintiff is proceeding on an official capacity claim only; plaintiff failed to state a claim against defendant Frank acting in his individual capacity because the complaint did not allege facts indicating that defendant Frank was personally involved in the events giving rise to the claim.  The same rationale holds true for defendant Raemisch.  Because the complaint does not state an individual capacity claim against defendant Raemisch, and because the Eleventh Amendment precludes damage suits against state employees acting in their official capacities, plaintiff's motion to amend the complaint to include a demand for monetary damages will be denied.

## II. MOTION FOR JURY TRIAL

On February 7, 2008, plaintiff filed a motion requesting a jury trial.  Fed. R. Civ. P. 38(b) provides that a jury trial demand must be made "no later than 10 days after the last pleading directed to the issue is served."  Further, Rule 38(d) provides that a party "waives a jury trial unless its demand is properly served and filed."  In the present case, the last pleading to address plaintiff's Eighth Amendment claim was defendants' answer filed on September 14, 2006.[1]  Hence, plaintiff's jury demand will be denied as untimely.

---

[1] Under Fed. R. Civ. P. 7(a), only the following are considered as pleadings: a complaint, an answer to a complaint, an answer to a counterclaim designated as a

3

Case 2:05-cv-01254-LA   Filed 06/06/08   Page 3 of 5   Document 70

## III. MOTION FOR DISCLOSURE OF MEDICAL RECORDS

Plaintiff has asked that defendants be ordered to turn over his medical records. I construe plaintiff's request as a motion to compel under Fed. R. Civ. P. 37. Although Rule 37 permits the court to compel discovery, the party seeking such discovery must complete several steps before court intervention is appropriate. The party seeking discovery must first direct his request to the opposing party. If the opposing party fails to provide the materials, the party must then "personal[ly] consult[]" with the opposing party and "attempt[] to resolve their differences." Civ. L.R. 37.1 (E.D. Wis.). If the party is still unable to obtain discovery, he may file a motion to compel discovery with the court pursuant to Fed. R. Civ. P. 37(a). Such motion must be accompanied by a written statement that the parties were unable to resolve their differences after personal consultation and a statement of the "date and time of such conference and the names of all parties participating in it." Id.

The motion before the court appears to be plaintiff's initial request for discovery. As he has not indicated that he made any such prior demand of defendants or engaged in the required personal consultation, court action would be premature. Thus, plaintiff's motion for disclosure of his medical records will be denied.

However, plaintiff is advised that he may request copies of his medical records from Redgranite Correctional Institution. If plaintiff is unable to obtain copies of his medical records after making a request with the prison and consulting with defendants, he may renew his motion to compel.

---

counterclaim, an answer to a crossclaim, a third-party complaint, an answer to a third-party complaint and, if the court orders one, a reply to an answer.

## IV. DEFENDANTS' MOTION FOR EXTENSION OF TIME

On February 18, 2008, defendants filed a motion for extension of time to file dispositive motions. As grounds for their request, defendants state that they would like to wait until a decision is made on plaintiff's motion to amend before filing a dispositive motion. As discussed, supra, plaintiff's motion to amend has been denied. However, the deadline for filing a dispositive motion has now passed. Thus, I will grant defendants' motion to extend the dispositive motion deadline. Additionally, in light of plaintiff's difficulties obtaining his medical records, I will grant a limited extension of the deadline for conducting discovery. The parties are advised that an amended scheduling order is forthcoming.

## V. CONCLUSION

**For the foregoing reasons,**

**IT IS ORDERED** that plaintiff's motion to amend the complaint is **DENIED.**

**IT IS ORDERED** that Rick Raemisch is **SUBSTITUTED** for defendant Matthew J. Frank.

**IT IS ORDERED** that defendant Matthew J. Frank is **DISMISSED.**

**IT IS FURTHER ORDERED** that plaintiff's motion for a jury trial is **DENIED.**

**IT IS ORDERED** that plaintiff's motion for disclosure of medical records is **DENIED** without prejudice.

**IT IS ORDERED** that defendants' motion for extension of time is **GRANTED.**

Dated at Milwaukee, Wisconsin, this 6 day of June, 2008.

/s_____
LYNN ADELMAN
District Judge