# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**WILLIAM B. CHAPMAN,**

        **Plaintiff,**

     **v.**                              **Case No. 05-C-1254**

**RICK RAEMISCH,**

        **Defendant,**

## ORDER

Plaintiff, William B. Chapman, filed this pro se civil rights action under 42 U.S.C. § 1983. This matter comes before me on plaintiff's motion for reconsideration and plaintiff's motion for discovery, both of which will be addressed herein.

### I. Plaintiff's Motion for Reconsideration

Plaintiff filed a motion asking me to reconsider my decision denying the amendment of his complaint to include a claim for money damages. In an order dated June 6, 2008, I denied plaintiff's motion to amend because plaintiff is proceeding on an official capacity claim only; the complaint failed to state a claim against defendant Frank acting in his individual capacity.[1]

A motion for reconsideration serves a very limited purpose in federal civil litigation; it should be used only "to correct manifest errors of law or fact or to present newly discovered evidence." Rothwell Cotton Co. v. Rosenthal & Co., 827 F.2d 246, 251 (7th Cir.

---

[1]   Matthew Frank was named as a defendant in his official capacity as acting Secretary of the Wisconsin Department of Corrections. Rick Raemisch is now Secretary of the Wisconsin Department of Corrections; he has been automatically substituted as a party in this case pursuant to Federal Rule of Civil Procedure 25(d).

1987) (quoting <u>Keene Corp. v. Int'l Fid. Ins. Co.</u>, 561 F. Supp. 656, 665-66 (N.D. Ill. 1982), aff'd, 736 F.2d 388 (7th Cir. 1984)).  While it is true that any nonfinal decision or order is subject to revision at any time before the entry of judgment, Fed. R. Civ. P. 54(b), such revisions are discouraged.  "A court has the power to revisit prior decisions of its own . . . in any circumstances . . . such as where the initial decision was 'clearly erroneous and would work a manifest injustice.'" <u>Christianson v. Colt Indus. Operating Corp.</u>, 486 U.S. 800, 817 (1988) (quoting <u>Arizona v. California</u>, 460 U.S. 605, 618 n.8 (1983)).  In general, "litigants must fight an uphill battle in order to prevail on a motion for reconsideration." <u>United Air Lines, Inc. v. ALG, Inc.</u>, 916 F. Supp. 793, 795 (N.D. Ill. 1996).

Plaintiff alleges that defendant Raemisch was personally involved in the deprivation of plaintiff's rights because, on February 21, 2005, he accepted as the decision of the Secretary the Correction Complaint Examiner's recommendation to dismiss the plaintiff's complaint.  However, participation in the administrative complaint system does not cause or contribute to a constitutional violation.  <u>See</u> <u>George v. Smith</u>, 507 F.3d 605, 609 (7th Cir. 2007).

Moreover, plaintiff has presented no new facts or law for me to consider.  Rather, plaintiff admits the inmate complaint form was before this court as an attachment to his complaint.  Therefore, I will deny plaintiff's motion for reconsideration.

## II. Plaintiff's Motion for Discovery

Plaintiff has also filed a pleading captioned, "Motion for Disclosure of Medical Records to the Court." Plaintiff previously filed a motion for disclosure of medical records, which I construed as a motion to compel discovery and denied in my June 6, 2008 order. Plaintiff clarifies in his new motion that the relief he seeks is for me to order defendant to file a full set of plaintiff's medical records with the court. The court is not a repository for medical records. Rather, both plaintiff and defendant will have the opportunity to present pertinent portions of plaintiff's medical records to me. Those opportunities must be consistent with the Federal Rules of Evidence and Federal Rules of Civil Procedure, and will come either in support of or in opposition to dispositive motions, or at trial, if this case is not resolved on a dispositive motion. For the foregoing reasons, plaintiff's motion will be denied.

## CONCLUSION

For the foregoing reasons,

**IT IS THEREFORE ORDERED** that plaintiff's motion for reconsideration (Docket #72) is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for discovery (Docket #74) is **DENIED**.

Dated at Milwaukee, Wisconsin, this 31 day of July, 2008.


/s_____
LYNN ADELMAN
District Judge

3